UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

DAVID PORTNOY,

        Plaintiff,

    v.

INSIDER, INC., HENRY BLODGET, NICHOLAS
CARLSON, JULIA BLACK, and MELKORKA LICEA,

        Defendants.

Case No. 1:22-cv-10197

**DEFENDANTS' MOTION TO DISMISS THE COMPLAINT
PURSUANT TO FED. R. CIV. P. 12(B)(6)**

Defendants Insider, Inc., Henry Blodget, Nicholas Carlson, Julia Black, and Melkorka
Licea (collectively "Defendants") move to dismiss Plaintiff David Portnoy's Complaint, with
prejudice, pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief may
be granted.

As grounds for this motion, Defendants submit the accompanying Memorandum of Law,
Request for Judicial Notice, Rachel Strom Declaration, Exhibits 1-5, and further state as follows:

1.    Portnoy, an influential media executive who has built a half-a-billion dollar media
brand, has sued Defendants for publishing Articles that include the opinions of young women with
whom he admits to having had sexual encounters.  His complaint alleges Defamation (Count I)
and Invasion of Privacy (Count II), but both claims fail for numerous reasons.

2.    The Complaint challenges 16 published Statements arising from the publication of
two Articles on Defendant Insider's business news site as well as an Editor's Note about the two
Articles.  These Statements fall generally within three categories:  First, the Complaint challenges
a number of Statements where the women describe the sex as turning "violent" or "humiliating,"
that it was "rougher" than "anticipated," and noting that it took a "toll on their mental health," with

one women becoming "suicidal." *Id.* ¶¶ 85(a),(d), (f), (g), (j), (l), (n), and (p).  Second, several Statements challenge the Article's reporting that Portnoy filmed the sexual encounters openly but "without advance permission." *Id.* ¶¶ 85(b), (c), (k), (m), and (o).  Third, the Complaint challenges one woman's depiction of Portnoy's attempt to have anal sex with her, but stopped when she clearly refused. *Id.* ¶¶ 85 (e), (h), and (i).  The Statements are listed, with context, in Exhibit 1 to the Memorandum of Law submitted in support of this motion.

3.      Count I must be dismissed because, at bottom, the Complaint challenges Statements that Portnoy cannot prove to be false—the most basic pleading requirement in a defamation case. Specifically, Portnoy either admits or does not challenge a mountain of foundational facts including that he had sex with the young women, that he likes "aggressive" sex, and that he filmed the women without asking their permission first.  Thus, Portnoy has not sufficiently plead that the "gist" or the "sting" of any statement is materially false, as he must. *Masson v. New Yorker Magazine, Inc.*, 501 U.S. 496, 517 (1991) (holding that falsity cannot be pled where "the substance, the gist, the sting, of the libelous charge [is] justified") (citation omitted).

4.      Understanding that he cannot plead any of the *facts* in the Articles are false, Count I of the Complaint must also be dismissed because it targets the constitutionally protected *opinions* and reactions of the young women concerning the gray areas of consent in sexual encounters, particularly where the power dynamics pit the young women against a multi-millionaire twice their age.  Liability cannot attach to statements if they are "highly subjective and susceptible of numerous interpretations."  *Veilleux v. NBC*, 206 F.3d 92, 115 (1st Cir. 2000) (citing *Levinsky's, Inc. v. Wal-Mart Stores, Inc.*, 127 F.3d 122, 129-30 (1st Cir. 1997)).  Here, whether these young women  believed that sex with Portnoy turned "violent" or "humiliating," or that was "rougher" than the women "anticipated"—are precisely the types of statements that are subjective and non-actionable "no matter how unjustified or unreasonable the opinion may be or how derogatory it is.'" *Yohe v. Nugent*, 321 F.3d 35, 42 (1st Cir. 2003) (quoting *Dulgarian v. Stone*, 420 Mass. 843, 850 (1995)).

5.      Independently, Count I must also be dismissed because Portnoy, who concedes he

is both a "celebrity" and "one of Massachusetts's most well-known entrepreneurs and media personalities" (Compl. ¶ 3), has not adequately pleaded facts to establish that Defendants published the challenged statements with "actual malice," that is, with knowledge of their falsity or reckless disregard as to their truth.  Portnoy's pleading with respect to actual malice is preliminarily flawed in that he fails to "bring home" his actual malice allegations as to each specific Defendant, instead, he lumps all Defendants together without specifying any one Defendant's state of mind at the time of publication.  *Loeb v. Globe Newspaper Co.*, 489 F. Supp. 481, 485 (D. Mass. 1980).  In addition, Portnoy admits that Insider investigated the First Article for seven months, tried to interview Portnoy, sought his comment, included his denials and hyperlinked to Portnoy's and his lawyer's responses, and went back to its sources to corroborate the authenticity of the additional messages.  This is "conduct [that] tends to undercut any inference of actual malice."  *Lemelson v. Bloomberg L.P.*, 903 F.3d 19, 24 (1st Cir. 2018).

6.      Count II, which takes aim at Defendants for publishing portions of these young women's communications with Portnoy, must be dismissed because this claim runs headlong into black-letter constitutional protections for speech on matters of public concern—which have long been held to include private communications and facts that, as here, relate to Portnoy's attitude and conduct towards young women.  *Bonome v. Kaysen*, 2004 WL 1194731, at *5-6 (Mass. Super. Ct. Mar. 3, 2004) (holding that a book publisher had a First Amendment right to publish "graphic" details regarding several sexual encounters because the details were relevant to the memoir's exploration of "when undesired physical intimacy crosses the line into non-consensual sexual relations in the context of her condition").

7.      For all of the above reasons, and for the reasons further stated in the accompanying Memorandum of Law, Portnoy's Complaint should be dismissed in its entirety, with prejudice.

Dated:  April 11, 2022

Respectfully submitted,

DAVIS WRIGHT TREMAINE LLP

*/s/ Elizabeth A. McNamara*_____

Elizabeth A. McNamara (admitted *pro hac vice*)
Rachel F. Strom (BBO #666319)
Brendan N. Charney (admitted *pro hac vice*)
Lindsey B. Cherner (admitted *pro hac vice*)
1251 Avenue of the Americas, 21st Floor
New York, NY 10020
Telephone: (212) 489-8230
lizmcnamara@dwt.com
rachelstrom@dwt.com
brendancharney@dwt.com
lindseycherner@dwt.com

## CERTIFICATION PURSUANT TO LOCAL RULE 7.1

I hereby certify that on Wednesday, April 6, 2022,  Elizabeth A. McNamara, counsel for Defendants, conferred with Howard Cooper, counsel for the Plaintiff, in a good faith attempt to narrow or resolve the issues addressed in this motion.

/s/ *Elizabeth A. McNamara*
Elizabeth A. McNamara

## CERTIFICATE OF SERVICE

I hereby certify that the within document filed through the CM/ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as non-registered participants.

/s/ *Elizabeth A. McNamara*
Elizabeth A. McNamara

Dated:  April 11, 2022